RUGGLES
*vs.*
MOORE.
SAME
*vs.*
RANKIN.

Case 50.

Ruggles *vs.* Moore.

Same *vs.* Rankin.

#### APPEALS FROM HENDERSON CIRCUIT.

Where a petition is filed for the recovery of the possession of real estate, and the petition does not refer to any title papers, it is erroneous to require the filing of title papers without good cause shown by affidavit. The plaintiff may rely upon a possessory title only.

[The facts are set out in the opinion of the court. REP.]

*John W. Crockett and Hughes & Dallam,* for appellants.

1. This case depends upon the construction of the 155*th sec. of the Code of Practice;* that section provides " that if either party shall rely upon any deed or oth- ' er writing, he shall file with his pleading the ori- ' ginal deed or writing, if in his power." This section has application only to cases founded upon " a deed or writing;" that is, where the cause of action arises out of a violation of the stipulations of a deed or writing. It could never have been intended that the plaintiff should file all the evidences of his right, or that the defendant should file all the evidences of his defense to such action. This would be exceedingly inconvenient to the parties, and might work great injustice.

2. The petition in this case refers to no writings. The party may have intended to rely on a possessory title alone, and the court could not anticipate that any writing would be produced on the trial. The decision of the circuit court is based on a misconstruction of the Code.

3. The enforcing the rule to file the papers is regarded as erroneous. It seems to us that the only effectual mode of giving effect to the views of the court would be upon the trial to exclude from the ju-

RUGGLES
*vs.*
MOORE.
SAME
*vs.*
RANKIN.

ry papers not filed, and thereby establishing the principle that no case could be made out but upon evidences of title previously filed.

*Edmund H. Hopkins,* for appellee—

Ruggles sued Rankin and Moore for two town lots. The defendants asked a rule on the plaintiff to file her title papers; the rule is granted, but the plaintiff refused obedience to the rule, and her suits were for that cause dismissed, and she has brought the cases to this court for revision.

The only question arising in the case is, shall the defendant on a suit to recover the possession of real estate be required to file the title deed on which he relies to show his right, before the defendant shall be compelled to answer the petition? The rule to file title papers was obtained under *sec.* 155 *of the Civil Code,* as illustrated and explained by *secs.* 145, 588, 589, 156, 161, and other sections.

Titles to land in Kentucky are generally shown by written evidences, patents, deeds, &c., and all possessory titles pre-suppose a better title, barred by limitation. And it is clear that all titles to land were originally vested in the commonwealth; and it must be shown that she has parted with her title before it can vest in any one else, even by length of possession. It was intended that the defendant should have an opportunity to see and inspect the title papers of the plaintiff, and in this way prevent surprise and the production of forged or spurious title papers on the trial when there is not time for scrutiny.

The Code of Practice was intended to simplify the practice by the abolition of all pre-existing forms in actions, (*Civil Code, sec.* 116,) and requiring in the petition " a statement in ordinary and concise language, without repetition of the facts constituting the plaintiff's cause of action." (*Sec.* 118, *sub-sec.* 3.) So as respects the answer. (*Sec.* 125, *sub-sec.* 4.) All the pleadings are required to be specific, special, and intelligible in their statement of the facts and

RUGGLES
vs.
MOORE.
SAME
vs.
RANKIN.

writings constituting the cause of action. All these requirements were intended to carry into effect the old common law rule, that the pleading of each party should apprize his adversary of what he intends to rely on. If the Code is not so to be construed, so far from simplifying it greatly complicates pleading.

My construction of *sec.* 155 *of the Code*, is fortified by *secs.* 586, 587 *and* 588. Surely the makers of the Code never intended that the three latter sections, either in words or by construction, should repeal or modify *secs.* 145, 155, *&c.*, and yet this would be the effect if it is understood that the party may at his own discretion file his title deeds or decline to do so.

*B. & J. Monroe*, on the same side—

The mode adopted by the appellees was the most appropriate mode of requiring the production of the title papers of the plaintiff.

The design of the Code of Practice was to require a plaintiff suing for the recovery of real property to show *prima facie* that he was entitled to the land sued for. This is in accordance with that general feeling which has been so often manifested in this country of regarding with great sacredness the possession of the occupant of land. And furthermore, to enable the occupant to know the derivation of title relied on by the plaintiff, that he might answer understandingly. Though it might be that the defendant could on the trial of the suit object to the reading of any written evidence of title, yet there can be no good objection to requiring the plaintiff to show his title papers before going into trial, under *sec.* 155 *of the Code.* The plaintiff has no right to complain of this course. If he relies on possession alone, let him say so. If he has title papers, let him exhibit them; they cannot be affected, much less changed by parol.

RUGGLES
vs.
MOORE.
SAME
vs.
RANKIN.
Feb. 3, 1858.

Judge STITES delivered the opinion of the court.

These two cases, though arising upon different records, are brought here by the same appellants, present the same questions, and will be considered together.

The petitions go for the recovery of real estate alleged to belong to appellants, and to be in the wrongful and adverse possession of appellees. No title papers are referred to in the petitions, and none exhibited as evidence of title. The allegations, however, show a sufficient cause of action in each case, and the petitions were rightfully held good on demurrer.

The defendants appeared, and on their motion, a rule was granted, in each case, to compel the plaintiffs to file their title papers. Several intermediate steps were taken towards the enforcement of the rules, but the final result was, that the plaintiffs declined to comply, and their petitions were dismissed. Exceptions were taken to the several orders; but the only question presented by the records arises upon the rule and the final order making it absolute.

It is attempted to be upheld by the Civil Code, (*sec.* 155,) which provides that " if either party shall rely up-' on any deed, or other writing, he shall file with his ' pleading the original deed or writing, if in his pow-' er. If he cannot produce such deed or writing, he ' shall so state in his pleading, together with the rea-' sons therefor; and if such reasons are sufficient, he ' may file the best evidence of the contents of such ' deed or writing in his power. Original deeds and ' other writings filed by either party as above provi-' ded, shall remain on file for the inspection of either ' party until allowed by the court to be withdrawn; ' and in such cases, copies, attested by the clerk, ' shall be substituted by the party withdrawing the ' originals."

We are unable to perceive the applicability of this section to the case under consideration. Here the party plaintiffs, so far as the record shows, re-

lies on no "deed or other writing." It may be that their title is altogether possessory in its character, and based upon no paper evidence. There is nothing to the contrary shown by the record; and upon what ground the original rule was allowed, or the order making it absolute was based, is not seen.

The section, *supra,* is general in its character, applying to equitable proceedings in ordinary, and as well to actions for money and the recovery of personal property as to actions for real estate. It was obviously intended to compel the prompt filing of exhibits in equitable proceedings, and the production of papers relied on and referred to either as evidence of title in real actions, or as the foundation, or as evidence of the cause of action in other cases. But where no such deeds or writings are referred to or relied on in the petition or pleadings, the section does not apply. And a rule to file title papers, or papers of any kind, where they are not referred to in the pleadings, is unauthorized, except upon sufficient ground made out by affidavit, and showing that such filing is necessary to the substantial ends of justice.

No such reasons are shown here, and therefore both the original rules and the final orders are deemed erroneous.

Wherefore, the judgments in both cases are *reversed,* with costs, and the causes remanded, with directions to discharge the rules, and for further proceedings not inconsistent with this opinion.

the possession of real estate, and the petition does not refer to any title papers, it is erroneous to require the filing of title papers without good cause shown by affidavit. The pl'tiff may rely upon a possessory title only.